CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 20 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KENNETH W. ANDREWS,<br><br>ERIKA D. ANDREWS,<br>    *Plaintiffs,*<br><br>CORA CHLEBNIKOW,<br>    *Member Plaintiff,*<br><br>HERMAN E. KIRBY,<br><br>NANCY H. KIRBY,<br>    *Member Plaintiffs,*<br><br>v.<br><br>RICHARD THOMAS NEWMAN,<br><br>CLI TRANSPORT, LP,<br><br>SHEETZ, INC.,<br>    *Defendants.* | CIVIL NOS.  3:07CV00060 (lead case)<br>                   3:07CV00050 (member case)<br>                   3:07CV00049 (member case)<br><br><br>MEMORANDUM OPINION AND ORDER<br><br><br>JUDGE NORMAN K. MOON |

    This matter is before the Court on two Rule 12(b)(6) Motions to Dismiss (docket #5 and #6).[1] In the first motion, the Defendants jointly move for dismissal of the Plaintiffs' nuisance claim. The second motion seeks dismissal of all claims against Defendant Sheetz, Inc. Because the rationale of *Philip Morris v. Emerson*, 368 S.E.2d 268 (Va. 1988), does not require dismissal of the Plaintiffs' nuisance claim, I will deny the Defendants' joint Motion to Dismiss. However, because the Plaintiffs allege no facts that could impose vicarious liability on Sheetz, I will grant Sheetz's Motion to Dismiss.

---

[1] Identical motions were filed in each of the three above-numbered cases prior to their consolidation. For simplicity's sake, and because there are no material differences between them, this Memorandum Opinion and Order will cite the versions of the motions and other court documents that were filed in the lead case, *Andrews, et al. v. Newman, et al.*, Civil No. 3:07cv00060.

## I. BACKGROUND

On November 18, 2002, Defendant Richard Newman was driving a Sheetz gasoline tanker truck as an employee of Defendant CLI Transport, LP when it overturned on highway U.S. 29 in Madison County, Virginia. Approximately 8,000 gallons of gasoline owned by Defendant Sheetz, Inc. spilled from the overturned truck onto the roadway and adjacent property.

Plaintiff Cora Chlebnikow owns and resides on property adjacent to U.S. 29 near the site of the spill, as do Plaintiffs Herman and Nancy Kirby. Plaintiffs Kenneth and Erika Andrews own and reside on property adjacent to U.S. 29, but some distance south of the spill site. All three of these properties are dependent on well water because they are not served by public water and sewer utilities. The gasoline spill initially contaminated the soil and groundwater of the properties owned by Chlebnikow and the Kirbys, and the Virginia Department of Environmental Quality (DEQ) has required ongoing monitoring and remediation by CLI. In September or October 2007, tests conducted as part of that remediation revealed that the gasoline spill had migrated south, contaminating the Andrews' property as well.

Pursuant to this Court's diversity jurisdiction, the three sets of plaintiffs filed separate lawsuits in October and November 2007, which have since been consolidated for trial. Each of their Complaints alleges identical counts of negligence, trespass, nuisance, and violation of Va. Code Ann. § 62.1-44.34:18.[2] The Defendants filed their Motions to Dismiss on January 3, 2008, and I heard oral arguments on March 18, 2008.

## II. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."

---

[2] Va. Code Ann. § 62.1-44.34:18 prohibits "[t]he discharge of oil into or upon state waters, lands, or storm drain systems within the Commonwealth."

*Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). In considering a Rule 12(b)(6) motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See id.* at 244; *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001).

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (alteration in original omitted) (citations omitted) (internal quotation marks omitted). Instead, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations omitted). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"; plaintiffs must "nudge[] their claims across the line from conceivable to plausible" or "their complaint must be dismissed." *Id.* at 1974. As the Fourth Circuit has held, a plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344–45 (4th Cir. 2006).

### III. DISCUSSION

*A. Motion to Dismiss Plaintiffs' Nuisance Claim*

The Defendants' joint Motion to Dismiss seeks dismissal of the Plaintiffs' nuisance claim, which is set forth in Count III of the Complaint. The stated factual basis for this claim is simply that "[t]he facts as alleged [in the Complaint] constitute the tort of temporary and permanent nuisance." (Compl. ¶ 17.) Thus, according to the Defendants, the "claim for

- 3 -

nuisance is based solely on the Defendants' allegedly negligent conduct."[3] (Defs.' Mem. 2.) Relying on *Philip Morris v. Emerson*, 368 S.E.2d 268 (Va. 1988), the Defendants argue that "[u]nder Virginia law, where the acts or omissions constituting the alleged negligence are the identical acts which it is asserted give rise to a cause of action for nuisance . . . the Plaintiff is limited to a negligence claim." (Defs.' Mem. 6.)

In *Philip Morris*, the Virginia Supreme Court addressed various tort claims arising out of a negligent release of deadly pentaborane gas into the atmosphere. *See Philip Morris*, 368 S.E.2d at 271–75. To the extent relevant here, the case dealt with claims for damages brought by Americamps, which operated a campground located near the site of the release. *See id.* at 282–83. Due to the potential danger from the deadly gas, Americamps had been ordered to evacuate the campers, but there was ultimately no evidence that any of the gas had actually entered the campground. Americamps sought to recover their losses from the evacuation under theories of negligent interference with contractual relations and nuisance, among others.

After finding that the negligent interference claim was barred because there was no physical entry or damage to the campground, the court also denied Americamps' nuisance claim. The court first appeared to hold that Americamps had simply failed to show the existence of a nuisance, stating that "[i]n all the cases Americamps cites, the smoke, odors, and water entered the premises of the plaintiff; no such thing happened in this case." *Id.* at 282. However, the court then went further, stating that "[t]he object of Americamps action is to recover damages for negligent conduct," *id.* at 282, and holding that "Americamps may not recover damages for the

---

[3] This characterization of the Plaintiffs' nuisance claim is not necessarily accurate. The Defendants seem to assume that the "facts as alleged" can only refer to the facts alleged in Count I, which contains the negligence claim. I am not aware of any reason, however, why the existence of gasoline in the Plaintiffs' soil and groundwater, as alleged in paragraphs 8–11 of the Complaint, could not give rise to a nuisance claim regardless of whether it got there as a result of negligence. *See, e.g., Barnes v. Graham Va. Quarries, Inc.*, 132 S.E.2d 395, 397 (Va. 1963) ("[I]t is not necessary to allege or prove negligence when the acts complained of result from a nuisance committed by another in a private capacity.").

negligent conduct alleged merely by characterizing the results of the conduct as a nuisance," *id.* at 283 (citing *Randall v. Vill. of Excelsior*, 103 N.W.2d 131 (Minn. 1960)).

According to the Defendants in this case, the Plaintiffs' nuisance claim is likewise an effort to "recover damages for the negligent conduct alleged merely by characterizing the results of the conduct as a nuisance." *Id.* They argue that the Plaintiff's nuisance claim is therefore barred under *Philip Morris*. However, *Philip Morris* is distinguishable from the circumstances presented in this case.

First, both *Philip Morris* and the case on which it relied, *Randall v. Village of Excelsior*, 103 N.W.2d 131 (Minn. 1960), dealt with situations where the plaintiff's nuisance theory was no more than an attempted "end run" around a bar to recovery under negligence. *See Philip Morris*, 368 S.E.2d at 282 (finding no negligent interference from the release of deadly gas when none of the gas actually entered the plaintiff's property); *Randall*, 103 N.W.2d at 134 ("[P]laintiff contends that . . . defendant's acts constituted an absolute nuisance . . . and that consequently defendant cannot assert contributory negligence as a defense."); *see also Stockbridge Cmty. Ass'n v. Star Enter.*, 27 Va. Cir. 82, 87 (1992) ("*Philip Morris*, and the cases on which it relied, involved an effort by the plaintiff to recover money damages for nuisance where they could not be awarded in negligence. It should not be read to apply more broadly than that.")[4] In the case presently before the Court, however, there is no suggestion that the Plaintiffs are barred for any reason from pursuing their negligence claim. Second, exclusive of any overlap with the negligence claim, the nuisance claim in *Philip Morris* failed because the facts alleged by Americamps simply did not constitute a nuisance in that the gas did not enter the campground.

---

[4] The Defendants cite *Stockbridge* in favor of their position, and they are correct that the court in that case sustained a demurrer to the nuisance claim. It appears, however, that the court would have distinguished *Philip Morris* on the grounds that "the main thrust of plaintiffs' claim in nuisance is to obtain injunctive relief" rather than money damages, if not for the fact that a claim for injunctive relief "[did] not belong in a law action" under Virginia's then-existing separation of law and equity. *Stockbridge*, 27 Va. Cir. at 87. The Complaint in this case also seeks injunctive relief in addition to money damages, but in a forum where law and equity are merged.

*Philip Morris*, 368 S.E.2d at 282. In contrast, there is no question that the Plaintiffs here have alleged that the gasoline spilled from the tanker truck has entered their premises. Finally, the injury alleged in *Philip Morris*—i.e., the temporary evacuation of the campground—was fleeting, and even if the gas had invaded the campground, there is no suggestion that it would have created more than a temporary nuisance. However, the Plaintiffs in this case allege that the presence of gasoline in the soil and groundwater constitutes an ongoing and permanent nuisance.

Accordingly, *Philip Morris* is distinguishable from the circumstances presented in this case, and therefore, its rationale does not require dismissal of the Plaintiffs' nuisance claim. Because the Defendants have identified no other deficiency in the nuisance claim, I will deny their joint Motion to Dismiss.[5]

### B. Motion to Dismiss All Claims Against Sheetz

Defendant Sheetz, Inc. argues in its Motion to Dismiss that the Plaintiffs have pled no facts that would make it liable for the alleged injuries. It acknowledges that it owned the gasoline that was spilled and that the tanker truck bore Sheetz's logos and insignias. Sheetz argues, however, that the Complaint alleges that Defendant Newman committed the acts giving rise to the Plaintiffs' claims and admits that Newman is not an employee of Sheetz, but rather of Defendant CLI Transport, LP. Furthermore, the Complaint does not dispute that Sheetz retained CLI as an independent contractor to transport and deliver its gasoline. Sheetz therefore argues that the Complaint does not allege facts sufficient to impose vicariously liability on Sheetz for the Plaintiffs' claims.

"As a general rule, an owner who employs an independent contractor is not liable for injuries to third persons caused by the contractor's negligence." *Kesler v. Allen*, 353 S.E.2d 777,

---

[5] Of course, the fact that the Plaintiffs may proceed on more than one theory of liability does not mean that they are entitled to more than one recovery if successful.

780 (Va. 1987). One of the exceptions to this general rule occurs when "the independent contractor's torts . . . arise out of work that is inherently dangerous." *Id.* According to the Plaintiffs, this exception should apply here to impose vicarious liability on Sheetz. They first argue that discharging oil onto the soil and water is an inherently dangerous activity. Regardless of whether this assertion accurately states the law, "discharging oil" is not the activity that Newman was engaged in when the alleged negligence occurred.

The Plaintiffs next argue that transporting oil is an inherently dangerous activity. Although "transporting oil" fairly defines the activity, the Plaintiffs fail to show that this activity is inherently dangerous under Virginia law. The Plaintiffs cite a case from Maine, *Portland Pipe Line Corp. v. Environmental Improvement Commission*, 307 A.2d 1 (Me. 1973), for the proposition that "the transfer of oil, petroleum products and their by-products . . . is a hazardous undertaking." *Id.* at 7. In making that statement, however, the Supreme Judicial Court of Maine was quoting the codified findings of the Maine Legislature. *See* Me. Rev. Stat. Ann. tit. 38, § 541. I am not aware of, and the Plaintiffs do not cite, any such findings made by the Virginia Legislature. Given the apparent absence of any Virginia law, whether judicially or legislatively created, suggesting that the transportation of petroleum is an inherently dangerous activity, the Plaintiffs' argument must fail.

The Plaintiffs' misplaced reliance on *Jackson v. Standard Oil Co. of California*, 505 P.2d 139 (Wash. Ct. App. 1972), highlights the fatal weakness of their claims against Sheetz. In *Jackson*, the plaintiff sued Standard Oil for the alleged negligence of an independent contractor that had been hired to distribute Standard Oil's petroleum products. Although the Plaintiffs are correct that "[t]he Washington court found that Standard Oil could be found liable without being independently negligent" (Pls.' Resp. 4), the court only did so because it had determined that "Standard *controlled or had the right to control* the training of the distributor's employees in the

safe handling of its products."[6] *Jackson*, 505 P.2d at 144 (emphasis added). In contrast to the relationship between Standard Oil and its distributor in *Jackson*, the Complaint in this case alleges no facts from which I can draw a reasonable inference that Sheetz was the employer of Newman or CLI, held some sort of equivalent right to control their actions, or is otherwise vicariously liable for the alleged acts that gave rise to the Plaintiffs' claims.

Accordingly, I must dismiss the Plaintiffs' claims against Sheetz. However, because the Plaintiffs have credibly argued that they may be able to state a claim or claims against Sheetz by amending their Complaint, I will grant them leave to do so.

## IV. CONCLUSION

For the above-stated reasons:

(1) the Defendants' joint Motion to Dismiss (docket #5) is hereby DENIED;

(2) Defendant Sheetz, Inc.'s Motion to Dismiss (docket #6) is hereby GRANTED;

(3) all claims against Defendant Sheetz, Inc. are hereby DISMISSED WITHOUT PREJUDICE; and

(4) the Plaintiffs are hereby GRANTED LEAVE TO AMEND their Complaint to state a claim or claims against Sheetz, Inc. within fourteen (14) days of the date of this Order.[7]

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and Order to all counsel of record.

---

[6] *Jackson* was decided under Washington law, which held "that the label 'employee,' or 'agent' does not per se create vicarious tort liability. Vicarious tort liability arises only where one engaging another to achieve a result controls or has the right to control the details of the latter's physical movements." *Id.* at 144 (quoting *McLean v. St. Regis Paper Co.*, 496 P.2d 571, 574 (Wash. Ct. App. 1972)). The Plaintiffs do not address whether Virginia law takes a similar approach to vicarious liability.

[7] If the Plaintiffs choose to amend, they shall file a single, unified Amended Complaint rather than three separate ones. In addition, the Plaintiffs are instructed that all of their future filings must have numbered pages and, where appropriate, must utilize pinpoint citations. *See The Bluebook: A Uniform System of Citation* 7–8, 59–63 (Columbia Law Review Ass'n et al. eds., 18th ed. 2005).

- 8 -

Entered this 20th day of May, 2008.

／s／ Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE